UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: JOSEPHINE A. IZZI,                           No. 7-11-10527 JA

     Debtor.

CREDAMERICA, LLC and
SERJIK KHEUCHMIAN,

     Plaintiffs,

v.                                              Adversary No. 11-1086 J

JOSEPHINE A. IZZI,

     Defendant.

### ORDER DENYING MOTION FOR SUMMARY JUDGMENT AS TO CLAIM FOR NON-DISCHARGEABILTY OF DEBT UNDER 11 U.S.C. § 523(a)(6)

THIS MATTER is before the Court on the Defendant's Motion for Summary Judgment ("Motion for Summary Judgment") filed on December 8, 2011. *See* Docket No. 34. Since the Defendant filed her Motion for Summary Judgment, the Plaintiffs sought leave to file a second amended complaint, which the Court granted on April 19, 2012. *See* Docket No. 47. The second amended complaint changed Plaintiffs' first cause of action from 11 U.S.C. § 523(a)(2)(A) to 11 U.S.C. § 523(a)(2)(B) and sets forth more detail in connection with the cause of action under 11 U.S.C. § 523(a)(6). Inasmuch as the Motion for Summary Judgment alleged that Plaintiffs could not sustain a cause of action under 11 U.S.C. § 523(a)(2)(A) because the statements Plaintiffs allege Defendant made respected the financial condition of an insider which would fall under 11 U.S.C. § 523(a)(2)(B), the second amended complaint moots the Motion for Summary Judgment. However, at a status conference held April 18, 2012, counsel for Plaintiffs and Defendant agreed that the Court should consider the Motion for Summary Judgment as it relates to Plaintiffs' claim under 11 U.S.C. § 523(a)(6). Having considered the Motion for

Summary Judgment and the response thereto in light of the facts alleged in the second amended complaint, the Court finds that the Motion should be denied.[1]

DISCUSSION

Pursuant to 11 U.S.C. § 523(a)(6), a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity" is not dischargeable. 11 U.S.C. § 523(a)(6). Under this subsection, the debtor's conduct must be both willful and malicious. *See Panalis v. Moore (In re Moore),* 357 F.3d 1125, 1129 (10th Cir. 2004)("Without proof of *both* [willful and malicious elements under 523(a)(6)], an objection to discharge under that section must fail."); *Mitsubishi Motors Credit of America, Inc. v. Longley (In re Longley),* 235 B.R. 651, 655 (10th Cir. BAP 1999)(stating that "[i]n the Tenth Circuit, the phrase 'willful and malicious injury' has been interpreted as requiring proof of two distinct elements – that the injury was both 'willful' and 'malicious.'"). Defendant asserts that Plaintiffs have failed to allege that Defendant acted both "willfully" and "maliciously" as those terms are used in 11 U.S.C. § 523(a)(6). *See* Motion for Summary Judgment, p.6. This Court disagrees.

The actions that form the basis of Plaintiffs' non-dischargeability claims consist of representations Plaintiffs allege Defendant made with respect to the profitability of her business, including tax returns, a profit and loss statement, and a summary of income by customer that Defendant provided to Plaintiffs. Plaintiffs allege that the information Defendant provided

---

[1] In her reply brief, Defendant complains, in part, that Plaintiffs failed to dispute her proposed material undisputed facts and did not support their response with evidence, unlike Defendant who supported her Motion for Summary Judgment by affidavit testimony and excerpts from Plaintiffs' discovery responses. *See* Defendant's Reply to Plaintiffs' Response to Defendant's Motion for Summary judgment (Docket No. 36). However, as it relates to the claim under 11 U.S.C. § 523(a)(6), the Motion for Summary Judgment is actually in the nature of a motion to dismiss for failure to state a claim under Rule 12(b)(6), Fed.R.Civ.P., made applicable to adversary proceedings by Rule 7012, Fed.R.Bankr.P. The Defendant seeks judgment on the section 523(a)(6) claim based on the allegations in the complaint. Under the applicable standard for evaluating a motion to dismiss for failure to state a claim, the complaint must contain enough facts to state a cause of action that is "plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). To withstand dismissal, a plaintiff must sufficiently allege all facts necessary to support the required elements under the legal theory proposed. *Forest Guardians v. Forsgren,* 478 F.3d 1149, 1160 (10th Cir. 2007).

induced them to purchase the business for $365,000.00, when, in fact, the profitability of the business was attributable to Defendant's former partner who left the business prior to the sale of the business to Plaintiffs. Plaintiffs further allege that Defendant did not disclose that fact to Plaintiffs.

The "willful" requirement under 11 U.S.C. § 523(a)(6) requires "a deliberate or intentional *injury,* not merely a deliberate or intentional *act* that leads to injury." *Kawaauhau v. Geiger,* 523 U.S. 57, 61, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998)(emphasis in original); *Longley,* 235 B.R. at 657 (in order to constitute a willful act under 11 U.S.C. § 523(a)(6), the debtor must "'desire[ ] to cause [the] consequences of his act, or . . . believe[ ] that the consequences are substantially certain to result from it.'")(quoting Restatement (Second) of Torts § 8A (1965)). The "malicious" component requires "proof 'that the debtor either intend the resulting injury or intentionally take action that is substantially certain to cause the injury.'" *Moore,* 357 F.3d at 1129 (quoting *Hope v. Walker (In re Walker),* 48 F.3d 1161, 1164 (11th Cir. 1995)). *See also, Hernandez v. Musgrave (In re Musgrave),* 2011 WL 312883, at *11 (10th Cir. BAP 2011)(unpublished)(to be excepted from discharge under 11 U.S.C. § 523(a)(6), "the injury itself must be desired and in fact anticipated by the debtor.")(citations omitted). In addition, although the Tenth Circuit has not expressly held that a plaintiff must demonstrate that a debtor acted "without just cause or excuse"[2] in order to satisfy the "malicious" prong of 11 U.S.C. § 523(a)(6), several bankruptcy courts within the Tenth Circuit have articulated the "malicious" component under 11 U.S.C. § 523(a)(6) as requiring an intentional, wrongful act, done without justification or excuse. *See, e.g., Bombardier Capital, Inc. v. Tinkler (In re Tinkler),* 311 B.R.

---

[2] *See McCain Foods USA, Inc. v. Shore (In re Shore),* 317 B.R. 536, 543 (10th Cir. BAP 2004)(pointing out that "neither *Geiger* nor the Tenth Circuit have explicitly addressed whether a plaintiff must demonstrate that an injury occurred without just cause or excuse in a § 523(a)(6) proceeding or even what circumstances might establish such an element[.]").

3

869, 880 (Bankr.D.Colo. 2004)(finding that "the malice prong of 11 U.S.C. § 523(a)(6) is satisfied upon a showing [that] the injury was inflicted *without just cause or excuse*.")(citations omitted)(emphasis in original); *America First Credit Union v. Gagle (In re Gagle),* 230 B.R. 174, 181 (Bankr.D.Utah 1999)(finding that "[i]n order for an act to be willful and malicious it must be a deliberate or intentional injury (willful) that is performed without justification or excuse (malicious)."); *Saturn Systems, Inc. v. Militare (In re Militare),* 2011 WL 4625024 at *3 (Bankr.D.Colo. 2011)("a *malicious* act under § 523(a)(6) is a 'wrongful act, done intentionally, without just cause or excuse.'")(quoting *Tinkler,* 311 B.R. at 880 (quoting *Tinker v. Colwell,* 193 U.S. 473, 486, 24 S.Ct. 505 (1904));  *Tso v. Nevarez (In re Nevarez),* 415 B.R. 540, 544 (Bankr.D.N.M. 2009)("'Malicious' requires that an intentional act be 'performed without justification or excuse.'")(quoting *Gagle,* 230 B.R. at 181)).

The facts alleged in the Plaintiffs' second amended complaint amplified Plaintiffs' allegations as they relate to their non-dischargeability claim under 11 U.S.C. § 523(a)(6).  For example:

> Paragraph 32 of the Second Amended Complaint states, in relevant part:
> The above conduct of defendant Izzi [in making representations to induce plaintiffs to purchase Izzi's company] was an intentional misrepresentation, deceit, or concealment of a material fact known to defendant Izzi with the intention on her part of thereby depriving plaintiffs of property or legal rights or otherwise causing injury . . .

> Paragraph 38  of the Second Amended Complaint states, in relevant part:
> The conduct of defendant Izzi as alleged in paragraphs 11 and 17 – 32 above constituted a willful and malicious injury by debtor/defendant Izzi to another entity or the property of another entity; i.e., CredAmerica.  There was an objective substantial certainty that an injury to plaintiffs would occur as a result of defendant's conduct, and a subjective motive by Izzi to inflict injury upon plaintiffs. . . . . defendant has acted willfully and maliciously injured plaintiffs and their property by defrauding them of $365,000.00.

>Second Amended Complaint to Determine Dischargeability of a Debt Pursuant to
>11 U.S.C. §§ 523(a)(2)(B) and 52(a)(6) ("Second Amended Complaint"), ¶¶ 32
>and 38.

The Court finds that Plaintiffs have sufficiently alleged in the Second Amended Complaint that Defendant acted both willfully and maliciously. Consequently, the Court will not grant the Motion for Summary Judgment based on Defendant's assertion that Plaintiffs have failed to include sufficient factual allegations that Defendant acted willfully and maliciously as required under 11 U.S.C. § 523(a)(6).

WHEREFORE, IT IS HEREBY ORDERED that the Motion for Summary Judgment is DENIED.

/s/ Robert H. Jacobvitz
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: April 24, 2012

COPY TO:

**Michael Lindsey Sloan**
Attorney for Plaintiffs
Law Office of Michael L. Sloan
500 N. Brand Blvd., Ste 200
Glendale, CA 91203

**Michael K. Daniels**
Attorney for Defendant
PO Box 1640
Albuquerque, NM 87103